**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **JUMAR MANAGEMENT, LLC,**<br><br>          **Plaintiff,**<br><br>v.<br><br>**FEDERAL INSURANCE COMPANY,**<br><br>          **Defendant.** | No.<br><br><br><br>**PLAINTIFF REQUESTS JURY TRIAL** |

## COMPLAINT FOR BREACH OF CONTRACT AND BAD FAITH

Plaintiff, Jumar Management, LLC ("Jumar"), through its undersigned counsel, for its Complaint for Breach of Contract and Bad Faith against Defendant, Federal Insurance Company ("Federal"), states as follows:

## NATURE OF THE ACTION

1. Plaintiff, Jumar, brings this action against Defendant, Federal, to enforce the terms of a Financial Institution Bond issued by Federal to Jumar, under which Federal agreed to pay Jumar, for, among other things, losses resulting from forgeries or fraudulent material alterations on negotiable instruments, certificated securities and other financial instruments. On or around September 18, 2018, Jumar discovered that it had sustained losses exceeding $19 million in connection with its investments in purported consumer debt portfolios as a direct result of forgeries and/or fraudulent material alterations contained on investment participation-related documents. In breach of the terms of its Financial Institution Bond, Federal has failed to honor Jumar's claim. Jumar seeks damages resulting from Federal's breach of contract and bad faith.

## THE PARTIES

2. Jumar, a Delaware limited liability company, is an investment advisor with its principal place of business in Windemere, Florida and a second office in Boulder, Colorado.

3. Federal is an insurance company domiciled in the State of Indiana. Federal transacts the business of insurance in Illinois and negotiated and issued the Financial Institution Bond at issue in this case to Jumar though insurance broker Mesirow Insurance Services, Inc., located in Chicago, Illinois.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because Plaintiff and Defendant are citizens of different States and the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) because this is a District in which Federal, the sole defendant, is deemed to reside and 28 U.S.C §1391(b)(2) because this is the District in which a substantial part of the events or omissions giving rise to Plaintiff's claims (negotiation and issuance of the Financial Institution Bond) occurred.

## BACKGROUND

**The Federal Financial Institution Bond**

6.  Federal issued to Jumar Financial Institution Bond No. 82473041 with a "bond period" from December 31, 2017 to December 31, 2018 (the "Federal Bond"). A true and accurate copy of the Federal Bond is attached hereto.

7.  The Federal Bond Insuring Agreement provides, in relevant part, as follows:

> The COMPANY, in consideration of payment of the required premium, and in reliance on the APPLICATION and all other statements made and information furnished to the COMPANY by the ASSURED, and subject to the DECLARATIONS made a part of this Bond and to all other terms and conditions of this Bond, agrees to pay the ASSURED for:
>
> *Forgery or Alteration*
>
> 4. Loss resulting directly from:
>
>> a. **Forgery** on, or fraudulent material alteration of, any **Negotiable Instrument** (other than an **Evidence of Debt**)**, Acceptance, Withdrawal Order** or receipt for the withdrawal of **Property, Certificate of Deposit or Letter of Credit,** or
>>
>> b. transferring, paying or delivering any funds or other **Property**, or establishing any credit or giving any value in reliance on any written instructions to the ASSURED authorizing or acknowledging the transfer, payment, delivery or receipt of funds or other **Property** which instructions fraudulently purport to bear the handwritten signature of any customer of the ASSURED, financial institution, or **Employee**, but which instructions either bear a **Forgery** or have been fraudulently materially altered without the knowledge and consent of such customer, financial institution, or **Employee.**
>
> For the purpose of this INSURING CLAUSE, a mechanically reproduced facsimile signature is treated the same as a handwritten signature.
>
> *Extended Forgery*
>
> 5. Loss resulting directly from the ASSURED having, in good faith, for its own account or the account of others:

- a. acquired, sold or delivered, given value, extended credit or assumed liability, in reliance on any original

    (1) **Certificated Security,**

    (2) deed, mortgage or other instrument conveying title to, or creating or discharging a lien on, real property.

    (3) **Evidence of Debt,** or

    (4) **Instruction**

        which

        i. bears a **Forgery**, or

        ii. is fraudulently materially altered, or

        iii. is lost or stolen, or

- b. guaranteed in writing or witnessed any signature on any transfer, assignment, bill of sale, power of attorney, or endorsement upon or in connection with any item listed in a. (1) through a. (4) above, or

- c. acquired, sold or delivered, or given value, extended credit or assumed liability in reliance on any item listed in a. (1) or a. (2) above which is a **Counterfeit Original**.

Actual physical possession, and continued actual physical possession if taken as collateral, of the items listed in a.(1) through a. (4) above by the ASSURED or a Federal or State chartered deposit institution of the ASSURED is a condition precedent to the ASSURED having relied on such items. Release or return of such collateral is acknowledgment by the ASSURED that it no longer relies on such collateral.

For the purpose of this INSURING CLAUSE, a mechanically reproduced facsimile signature is treated the same as a handwritten signature.

8. The Federal Bond defines "Certificated Security" as follows:

    c. **Certificated Security** means a share, participation or other interest in property of, or an enterprise of, the issuer or an obligation of the issuer, which is:

        (1) represented by an instrument issued in bearer or registered form, and

(2) of a type commonly dealt in on securities exchanges or markets or commonly recognized in any area in which it is issued or dealt in as a medium for investment, and

(3) either one of a class or series or by its terms divisible into a class or series of shares, participations, interests or obligations.

9. The Federal Bond defines a "Negotiable Instrument" as follows:

0. **Negotiable Instrument** means any writing:

(1) signed by the maker or drawer, and

(2) containing an unconditional promise or order to pay a sum certain in **Money** and no other promise, order, obligation or power given by the maker or drawer, and

(3) is payable on demand or at a definite time, and

(4) is payable to order or bearer.

10. The Federal Bond defines "forgery" as follows:

i. **Forgery** means the signing of the name of another natural person with the intent to deceive but does not mean a signature which consists in whole or in part of one's own name, with or without authority, in any capacity for any purpose.

11. The Federal Bond contains limits of $5 million per loss under the Forgery or Alteration and Extended Forgery Insuring Agreements, with a $100,000 deductible.

**Jumar's Investment in Fraudulent Consumer Debt Portfolios**

12. In 2013, Jumar was introduced to an individual named Kevin Merrill ("Merrill"). Merrill, in turn, introduced Jumar to an individual named Jay Ledford ("Ledford") and Ledford's firms, Deville Asset Management and Centurion Capital Corporation. Merrill and Ledford marketed investments to Jumar which purportedly consisted of percentage interests in various consumer debt portfolios.

13. Between February 27, 2018 and September 18, 2018, Jumar invested over $80 million in interests in various consumer debt portfolios through Ledford and his related entities.

5

14. Each investment by Jumar involved various documents, including, but not limited to, an "Agreement Concerning Acquisition of Portfolio" between Jumar and a Merrill/Ledford entity and a purported "Purchase and Sale Agreement" or similar document between the Merrill/Ledford entity and a purported seller of a consumer debt portfolio.

15. On or around September 18, 2018, Jumar learned that it was the victim of an elaborate Ponzi-like scheme perpetrated by Merrill/Ledford and their associates and that it had lost the full value of its investments. In its federal court complaint against Merrill, Ledford and associates, the Securities and Exchange Commission ("SEC") alleged the following:

> This matter involves an offering fraud by Defendants Kevin B. Merrill ("Merrill"), Jay Ledford ("Ledford"), and Cameron Jezierski ("Jezierski") that raised over $345 million from over 230 investors to purportedly purchase consumer debt portfolios. From at least 2013 to present, Defendants operated this Ponzi-like scheme that involved, among other things, securities offerings rife with misrepresentations, fake debt, forged signatures, fabricated wire transfers, the movement of millions of dollars into personal accounts, and an elaborate scheme wherein Defendants offered and sold investments in the same (and often fictitious) debt and/or debt portfolios, to multiple victims.

16. As a direct result of the forged and/or materially altered investment documents and other instruments, Jumar suffered a loss in the amount of at least $19,003,337.

**Jumar's Bond Claim**

17. Jumar timely notified Federal of its claim under the Federal Bond and submitted its sworn proof of loss to Federal on December 10, 2018 (hereinafter "Jumar's Bond Claim").

18. Federal acknowledged receipt of Jumar's Bond Claim on April 16, 2019 and requested additional information from Jumar.

19. Each time Federal requested additional information, Jumar provided the requested information, to the best of its knowledge and abilities.

20. As of the date of the filing of this Complaint, Federal has not honored Jumar's Bond Claim.

**COUNT I-BREACH OF CONTRACT**

21. Jumar repeats and realleges the facts set forth in Paragraphs 1-20 as though fully set forth herein.

22. Without waiving its right to coverage under other sections of the Federal Bond, Jumar's Bond Claim is covered under Insuring Clause 4 of the Federal Bond because it involves a loss which resulted directly from forgery on, or fraudulent material alteration of, one or more negotiable instruments.

23. Without waiving its right to coverage under other sections of the Federal Bond, Jumar's Bond Claim is also covered under Insuring Clause 5 of the Federal Bond because it involves a loss which resulted directly from Jumar having acquired, sold or delivered, given value, extended credit or assumed liability, in reliance on one or more certificated securities which contained a forgery or were fraudulently materially altered.

24. The Federal Bond does not contain any other terms, conditions or exclusions which limit or preclude coverage for Jumar's Bond Claim. To the extent Federal relies upon certain policy provisions to deny coverage, such policy provisions are ambiguous and should be construed in favor of coverage.

25. Jumar performed all conditions precedent under the Federal Bond.

26. Federal breached the Federal Bond by wrongfully failing to honor Jumar's Bond Claim.

27. Jumar has suffered damages as a result of Federal's wrongful failure to honor Jumar's Bond Claim in that it has been wrongfully deprived of the benefit of its bargain with

Federal in the amount of the $5 million policy limits. Additionally, Jumar has lost the use of the $5 million limits, which it would have used to mitigate its losses.

WHEREFORE, Plaintiff, Jumar Management, LLC, respectfully requests that this Court enter judgment in its favor and against Defendant, Federal Insurance Company, in the amount of $5 million, plus other damages to be proven at trial, plus interest and costs.

## COUNT II-BAD FAITH

28. Jumar repeats and realleges the facts set forth in Paragraphs 1-27 as though fully set forth herein.

29. Federal breached its duty of good faith and fair dealing by unreasonably and vexatiously delaying its investigation of, and failing to honor, Jumar's Bond Claim.

30. Jumar was damaged by Federal's bad faith in that it was required to retain counsel and bring suit in order to enforce its rights under the Federal Bond.

WHEREFORE, Plaintiff, Jumar Management, LLC, respectfully requests that this Court enter judgment in its favor and against Defendant, Federal Insurance Company, in an amount to be determined at trial as punitive damages, attorneys' fees and costs in this action, plus other damages to be determined at trial, plus interest and costs.

    Respectfully Submitted,

    JUMAR MANAGEMENT, LLC

    By: /s/ Kevin J. Kuhn
        Its Attorney

Kevin J. Kuhn
Kuhn Firm P.C.
345 E. Wacker Dr.
Chicago, IL 60601
847-416-2002
fax: 847-416-4798
kkuhn@kuhnfirm.com